# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| PCS & Build, LLC<br><br>   Plaintiff,<br><br>v.<br><br>Star Building Systems,<br>a Division of Robertson-Ceco II Corporation<br><br>   Defendant. | Case No.: 1:22-CV-00521 MRB<br><br>Judge: Michael R. Barrett<br><br>Magistrate Judge: Karen L. Litkovitz<br><br><br><br>**STIPULATED PROTECTIVE ORDER** |

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1.** **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.** **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation.

Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL, even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. A party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party.

    **3.**    A party may supplement the "CONFIDENTIAL" mark with the words "ATTORNEY'S EYES ONLY," for documents that contain highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to anyone other than counsel would result in demonstrable harm to the disclosing party. The "ATTORNEY'S EYES ONLY," designation limits disclosure to a party's counsel (both in-house and outside counsel) and party representative(s) whose assistance is reasonably necessary to the litigation and specifically

in writing agree to be bound by the terms of this order.

4.      **Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

5.      **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

6.      **Protection of Confidential Material.**

   **(a)    General Protections.** Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

   **(b)    Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set

forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

**(1)** **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

**(2)** **Parties.** Parties and employees of a party to this Order.

**(3)** **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4)** **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(5)** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c)** **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals or electronic copies of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action,

the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(d)** **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(e)** **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

**7.** **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** This Protective Order does not authorize filing any documents or materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305-306 (6th Cir. 2016) and S.D. Ohio Civ. R. 5.2.1. Neither this Stipulated Protective Order nor any other sealing order constitutes blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE

5

ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall be submitted electronically and shall be linked to this Stipulated Protective Order or other relevant authorizing order. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of this Stipulated Protective Order, or other relevant authorizing order, shall be included in the sealed envelope.

Absent motion by a party and an order of the court, any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom.[1]

**8.     Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-

---

[1] **NOTE**: If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

9. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion pursuant to Local Rules concerning discovery disputes and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Obligations on Conclusion of Litigation.**

    **(a)**     **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **(b)**     **Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), shall be destroyed or returned to the producing party unless the document has been offered into evidence or filed without restriction as to disclosure. If a party elects to destroy the documents, the party must notify the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents.

    **(c)**     **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**12.**     **Clawback Agreement**.

**(a)** For purposes of this Clawback Agreement, "Privileged Document" shall include all documents, information, and materials of any kind that are protected by the attorney-client privilege, work-product doctrine, or some other recognized privileged that protects such Privileged Documents from disclosure in litigation or arbitration under the laws of Massachusetts.

**(b)** The inadvertent production by a party of a Privileged Document that is otherwise privileged shall not be deemed a waiver, in whole or in part, of any claim of privilege as to such document(s) or information. For the purposes of this Clawback Agreement, the parties agree that production of a Privileged Document shall be deemed "inadvertent" if the document is produced despite the fact that the party has, for the purpose of identifying and withholding Privileged Documents, performed a reasonable search for Privileged Documents in those places and files where it is reasonably expected such Privileged Documents might be located, even if the party had not performed a similar search in files where Privileged Documents were not reasonably expected to be located. The term "reasonable search" shall mean the implementation of review methods which consist of the following: discussion with party representatives regarding the locations of potentially Privileged Documents; the use of keyword searches to isolate electronic documents that include the names of attorneys and are thus potentially Privileged Documents; and the review by counsel of all potentially Privileged Documents identified by said keyword searches and locations identified by party representatives.

**(c)** If the receiving party discovers that Privileged Documents may have been inadvertently produced, the receiving party shall—except in cases otherwise addressed by the procedures set forth in subparagraph (d) below—promptly give

written notice to the producing party that a Privileged Document may have been produced together with a description of any and all such documents by production numbers or other identification. If, within fourteen (14) days of receipt of such notice, the producing party designates the identified documents as Privileged Documents and the receiving party disputes such designation, the receiving party must provide a written objection to the producing party within fourteen (14) days of receipt of the producing party's written designation of the document(s) in question as Privileged Documents. The producing party may, not later than thirty (30) days after the receipt of the receiving party's written objection, serve a motion to compel the return of the Privileged Documents.

**(d)** If the producing party discovers that Privileged Documents may have been inadvertently produced, the producing party shall—except in cases otherwise addressed by the procedures set forth in subparagraph (c) above—promptly give written notice to the receiving party that document(s) or information that it believes are Privileged Documents were produced. Such notice shall include a description of any and all such documents by production numbers or other identification. If the receiving party disputes the designation of such document(s) or information as Privileged Documents, the receiving party must provide a written objection to the producing party within fourteen (14) days of receipt of the producing party's written notice that the document(s) in question are Privileged Documents. The producing party may, not later than thirty (30) days after receipt of the receiving party's written objection, serve a motion to compel the return of the Privileged Documents.

**(e)** In the event of a dispute over whether a document(s) or information

qualifies as Privileged Documents and unless otherwise agreed to by the parties, the receiving party shall be entitled to withhold the return of the Privileged Documents until such time as the Court has ruled on the claim of privilege under subparagraphs (c) or (d), above; however, the receiving party may not use or distribute to anyone the document(s) or information for any purpose until the Court has so ruled, except in the context of the motion to determine the validity of the claim of privilege.

**(f)** If the receiving party does not dispute the designation of such document(s) or information as Privileged Documents under subparagraphs (c) or (d), above, the original and all copies of the document(s) or information of which the receiving party is aware shall promptly be returned or destroyed and the receiving party shall promptly provide a written certification confirming the return or destruction.

**(g)** The return of Discovery Material, including Privileged Documents, to the producing Party shall not preclude the receiving Party from moving to compel production of the returned document(s) or information for grounds other than waiver through inadvertent disclosure.

13. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rulesand the presiding judge's standing orders or other relevant orders.

14. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or

the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

15. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated: October 7, 2022

*/s/ Michael R. Barrett*
U.S. District Judge
U.S. Magistrate Judge

**WE SO MOVE/STIPULATE and agree to abide by the terms of this Order**

Dated: October 6, 2022

*/s/ Thomas E. Cardone*
Thomas E. Cardone (0090270)
tcardone@frantzward.com
Andrew M. Hanna (0095870)
ahanna@frantzward.com
Frantz Ward LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
Telephone: (216) 515-1660
Facsimile: (216) 515-1650

*Attorneys for Plaintiff*
*PCS & Build, LLC*

**WE SO MOVE/STIPULATE and agree to abide by the terms of this Order**

Dated: October 6, 2022

*/s/ Kevin A. Koudelka* (per email consent 10/6/2022)
Kevin A. Koudelka *admitted pro hac vice*
Clinton A. Quisenberry *admitted pro hac vice*
Richardson Koudelka LLP
4311 Oak Lawn Avenue, Suite 500
Dallas, TX 75219
Telephone: (214) 217-7575
Facsimile: (214) 217-7576
koudelka@rklawtexas.com
cquisenberry@rklawtexas.com

Todd M. Seaman (0090839)
Thompson Hine LLP
41 South High Street, Suite 1700
Columbus, OH 43215
Telephone: (614) 469-3200
Facsimile: (614) 469-3361
todd.seaman@thompsonhine.com

*Attorneys for Defendant*
*Star Building Systems, A Division of Robert-CECO II Corporation*

# FORM PROTECTIVE ORDER
## ATTACHMENT A

### In the UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| PCS & Build, LLC<br><br>    Plaintiff,<br><br>v.<br><br>Star Building Systems,<br>a Division of Robertson-Ceco II Corporation<br><br>    Defendant. | Case No.: 1:22-CV-00521-MRB<br><br>Judge: Michael R. Barrett<br><br>Magistrate Judge: Karen L. Litkovitz |

### ACKNOWLEDGMENT
### AND
### AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division, in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____   _____
                        Signature